```
                 IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF TEXAS
                          FORT WORTH DIVISION

TERRY L. SELF,                     §
(TDCJ No. 1273624)                 §
VS.                                §   CIVIL ACTION NO.4:08-CV-287-Y
                                   §
                                   §
RISSI L. OWENS, et al.             §
```

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §
1915A(B)(1) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)

This case is before the Court for review of pro-se inmate and plaintiff Terry L. Self's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Self, an inmate at the Mineral Wells Pre-Parole Transfer facility, filed a form civil-rights complaint seeking relief under 42 U.S.C. § 1983. He names as defendants Rissi Owens, identified as a director of the Texas Parole Board; Howard Thrasher; and the Texas Board of Pardons and Paroles. (Compl. Style; § IV(B).) Apparently challenging a revocation of parole, Self alleges that the Texas Board of Pardons and Paroles used an "assault with a deadly weapon" charge against him, even though the charge was dropped, and also used a charge for "failure to report" arising while he was incarcerated in Oklahoma. (Compl. § V.) Self seeks to have this Court "reopen [his] case, send [him] back to ISF (Intermediate Sanction facility), and release [him] back into the free world." (Compl. § VI.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28

---

[1] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] Furthermore, as a part of the Prison Litigation Reform Act, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5]

The Court concludes that Self's claims are not cognizable under 42 U.S.C. § 1983. Plaintiff seeks from this Court injunctive-type relief from the determination by Texas officials to deny him release on parole. In *Heck v. Humphrey*,[6] the Supreme Court held that a claim that, in effect, attacks the constitutionality of a conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 and does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into

---

[2] *See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[4] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5] *Id.,* citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[6] 512 U.S. 477, 486-87 (1994).

question by a federal court's issuance of a writ of habeas corpus."[7] Although *the Heck* opinion involved a bar to claims for monetary damages, a dismissal of a claim for injunctive relief may also be made pursuant to *Heck*.[8]

Plaintiff's request to have this Court reopen the parole proceedings and order his release from confinement, if successful, necessarily would imply the invalidity of his present incarceration. Thus, such claims are not cognizable under § 1983 unless Plaintiff has satisfied the conditions set by *Heck*. With regard to challenges brought under § 1983 to parole proceedings, the Supreme Court clarified that, although challenges only to the procedures used to determine parole eligibility may go forward in a civil suit, if the claims "seek to invalidate the duration of [an inmate's] confinement–-either <u>directly</u> through an injunction compelling speedier release or <u>indirectly</u> through a judicial determination that necessarily implies the unlawfulness of the State's custody"[9]––the prisoner must pursue such claim through habeas corpus or similar remedies. As Self seeks immediate release from confinement, the *Heck* rule bars his claims for injunctive relief. Plaintiff remains in custody and has not shown that the complained-of imprisonment has

---

[7]*Heck,* 512 U.S. at 486-87; *see also Wells v. Bonner,* 45 F.3d 90, 94 (5th Cir. 1995).

[8]*See Clarke v. Stadler,* 154 F.3d 186, 190-91 (5th Cir. 1998)(en banc) (holding that a claim for prospective injunctive relief that would imply the invalidity of a prisoner's conviction may be dismissed without prejudice subject to the rule of *Heck v. Humphrey*), *cert. den'd,* 525 U.S. 1151 (1999).

[9]*Wilkinson v. Dotson,* 544 U.S. 74, 80-81 (2005).

3

been invalidated by a state or federal court.[10] As a result, Plaintiff's claims are not cognizable under § 1983, and must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[11]

Therefore, under the authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), all of Plaintiff's claims under 42 U.S.C. § 1983 are DISMISSED WITH PREJUDICE to their being asserted again until the *Heck v. Humphrey* conditions are met.[12]

SIGNED October 28, 2008.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[10] *See McGrew v. Texas Bd. of Pardons & Paroles,* 47 F.3d 158, 161 (5th Cir. 1995).

[11] *See Heck*, 512 U.S. at 487-88; *McGrew,* 47 F.3d at 161.

[12] *See Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).